# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

CLARENCE DAVIS                                          CIVIL ACTION NO.

VERSUS                                                          25-41-BAJ-EWD

NATIONAL CREDIT ADJUSTERS, LLC

## ORDER[1]

Before the Court is Defendant National Credit Adjusters, LLC's Motion for More Definite Statement.[2] Because Plaintiff Clarence Davis's pleading to which National Credit Adjusters, LLC is allowed to respond is "so vague or ambiguous" that National Credit Adjusters "cannot reasonably prepare a response," the Motion will be granted under Federal Rule of Civil Procedure 12(e).  Davis will be required to file an amended complaint in this case to clarify his claims.

## I.    BACKGROUND

Clarence Davis ("Davis") originally filed suit against National Credit Adjusters in Louisiana Justice of the Peace Court by filing a "Statement of Claim."[3] According to the Statement of Claim, Davis is suing for $2,500, plus interest and court costs, for "violations of FCRA's."[4] In the "Statement of Facts" section, Davis states as follows: "Defendant/Company illegally submitted fraudulent account to my personal consumer reports.  Additional document attached."[5] There is no other document attached to the papers that were filed in the Justice of the Peace Court.

---

[1] *See Johnson v. U.S. Postal Serv.*, No. 19-1370, 2023 WL 2527940, at *1 (W.D. La. Mar. 14, 2023), citing *Morris v. Wyeth, Inc.,* No. 09-854, 2009 WL 3711260 at *1 n. 1 (W.D. La. Nov. 3, 2009) ("As the motion for a more definite statement is not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is issued under the authority thereof, and in accordance with the standing order of this court.").

[2] R. Doc. 7.  Documents in the Court record are referred to as "R. Doc. __."

[3] R. Doc. 1-1, p. 3.

[4] *Id.*

[5] R. Doc. 1-1, p. 4.

National Credit Adjusters removed the case to this Court on January 13, 2025 on the basis of federal question subject matter jurisdiction, based on Davis's contention that National Credit Adjusters violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*[6] Through its Motion, National Credit Adjusters seeks clarification of Davis's claims because the Statement of Claim filed in the Justice of the Peace Court "does not state when, where or how Defendant violated the FCRA, nor provided [sic] any factual allegations as to the roles allegedly played by Defendant or the basis for his FCRA claim."[7]

According to the Certificate of Service attached to the Motion, Davis was served with the Motion by mail, but he has not responded, although the time period to do so under the Court's Local Civil Rules has passed.[8]

## II.    LAW AND ANALYSIS

Under Federal Rule of Civil Procedure 8, a complaint must contain (1) a "short and plain statement of the grounds for the court's jurisdiction," (2) a "short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought." A complaint will be deemed inadequate only if it fails to (1) provide notice of circumstances which give rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist.[9] Although motions for a more definite statement are "generally disfavored" and should be "granted sparingly,"[10] a motion for more definite

---

[6] R. Doc. 1.

[7] R. Doc. 7-1, p. 1.

[8] Local Civil Rule 7(f) provides that an opposition memorandum to a motion is due 21 days after the motion is served. According to the Certificate of Service, Davis was served with the Motion on February 3, 2025. R. Doc. 7, p. 2.

[9] *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999), citing *General Star Indemnity, Co. v. Vesta Fire Ins. Corp.*, 173 F.3d 946, 950. (5th Cir. 1999).

[10] 5C Fed. Prac. & Proc. Civ. §§ 1376, 1377 (3d ed.)

2

statement under Federal Rule of Civil Procedure 12(e) is appropriate "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice."[11] A complaint, which contains a "bare bones" allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice.[12]

The FCRA[13] was enacted to promote the accuracy, fairness, and privacy of consumer information contained in the files of consumer reporting agencies. Davis claims National Credit Adjusters submitted a fraudulent account to his personal consumer reports.   "The FCRA requires that 'furnishers of information … provide accurate information'[14] and imposes certain obligations or duties on the furnishers upon notice of dispute.[15] To recover on a claim against a furnisher of credit information to a credit reporting agency ("CRA") (which is the type of claim Davis seems to allege against National Credit Adjusters), Davis must prove the following four elements: (1) National Credit Adjusters provided inaccurate credit information about Davis to a CRA; (2) Davis notified a CRA that this information in his credit report was inaccurate; (3) the CRA notified National Credit Adjusters of the dispute; and (4) after receiving this notice, National Credit Adjusters failed to conduct a reasonable investigation and provide notice to the CRA to correct the reporting errors.[16]  Because Davis has not provided any of this information, he has not "set forth sufficient information to outline the elements of the claim," and National Credit Adjusters cannot

---

[11] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

[12] *Beanal*, 197 at 164, citing *Walker v. South Cent. Bell Tel. Co.*, 904 F.2d 275, 277 (5th Cir. 1990).

[13] 15 U.S.C. 1681, *et seq.*

[14] 15 U.S.C. § 1681s-2(b)

[15] *Id.*

[16] *Schoch v. Wells Fargo Home Mortg.*, No. 16-619, 2017 WL 2385626, at *4 (E.D. Tex. Apr. 11, 2017), report and recommendation adopted, No. 16-619, 2017 WL 2312079 (E.D. Tex. May 26, 2017), citing *Donnelly v. JPMorgan Chase, NA*, No. 13-1376, 2014 WL 429246, at *5 (S.D. Tex. Feb. 4, 2014) (listing elements). If Davis is not alleging that National Credit Adjusters is a furnisher of credit information but is instead alleging some other violation of the FCRA, he must explain that in the amended complaint he will be ordered to file.

reasonably be expected to respond.  Therefore, the Motion for More Definite Statement will be granted.

**IT IS ORDERED** that the Defendant National Credit Adjusters, LLC's Motion for More Definite Statement[17] is **GRANTED**. By no later than **July 16, 2025**, Plaintiff Clarence Davis shall file an amended complaint that provides additional information to explain the basis for his claims in this case under the Fair Credit Reporting Act.  Any amended complaint should provide facts to address the elements of a Fair Credit Reporting Act claim, as explained in this Order.

**NOTICE TO PLAINTIFF CLARENCE DAVIS: If you do not timely respond to this Order, your claims in this case may be dismissed without further notice.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall send this Order to Plaintiff Clarence Davis by regular mail and by certified mail, return receipt requested to the address on PACER.

Signed in Baton Rouge, Louisiana, on June 16, 2025.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[17] R. Doc. 7.